JOHNSON, J.,
would grant the writ application for the following reasons.
_[¿This Court in Mary Moe, LLC v. Louisiana Board of Ethics, 03-2220 (La.4/14/04), 875 So.2d 22, 30, held that although the legislature authorizes an administrative agency, like the Louisiana Board of Ethics (“LBE”), to issue subpoenas, the subpoenas “must be sufficiently limited in scope and specific in directive so that compliance will not be reasonable, overbroad, or unduly burdensome.” “Moreover the evidence sought by the subpoena must be reasonably relevant and material to the investigation’s lawfully purpose.” To exercise its subpoena power and obtain records, the LBE needs sufficient reasonable cause to believe that a violation of the CFDA has occurred. See also 18:1511.4.
In NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958), the United States Supreme Court held that the state of Alabama could not require a nonprofit membership corporation to produce records including the names and addresses of all association members, as this was a denial of due process and a substantial restraint upon the members’ exercise of their right to freedom of association. The Court found Uthat there was a reasonable likelihood that the association itself, through diminished financial support and membership, might be adversely affected if production of their membership list was compelled, and the association had standing to complain of the production order, on behalf of its members. The Court found that compelled disclosure of membership in an organization engaged in advocacy of particular beliefs constitutes interference with freedom of assembly. The Court concluded that an order requiring an association to produce records, including names of its members, was invalid, as violating the constitutional right of freedom of association. The judgment of contempt and fine for noncompliance with such order was also invalid.
In Pollard v. Roberts, 283 F.Supp. 248 (E.D.Ark.1968), the United States District Court found that the subpoenas violated contributors’ First Amendment rights where there was no showing that the identities of party contributors and the amounts of their contributions were reasonably relevant to the prosecutor’s investigation of vote-buying. The court recognized that the State cannot compel a “sweeping and indiscriminate identification of all members of a group in excess of the State’s legitimate need for the information.”
In Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), the United States Supreme Court held that although the limitations on political campaign contributions in the Federal Elec *849 tion Campaign Act of 1971 were generally constitutional, the Act’s limitation on election expenditures violated contributor’s First Amendment right to political expression.
In my view, the subpoenas duces tecum were not reasonably tailored to seek information and documents relevant and material to the LBE’s investigation. The LBE is prohibited from requiring any other documents or information beyond this scope as it violates the contributors’ First Amendment rights to participate in campaigns, to political speech and political association. In my opinion, the LBE, in lathis instance, failed to explain its “sufficient reasonable cause” for the subpoenas duces tecum, and therefore, has exceeded its constitutional authority.
The First Amendment protects a person or committee’s political speech, press, and political association, i.e., the participation in campaigns; as such, the compelled disclosures of documents, transactions, and communications relating to a person’s political association must be supported by a “compelling” state interest. See Gibson v. Florida Legislative Investigation Comm., 372 U.S. 539, 546, 83 S.Ct. 889, 9 L.Ed.2d 929 (1963). In the case sub judice, the LBE failed to demonstrate an overriding and compelling state interest supporting the scope of the subpoenas, or a substantial relationship between the records sought and any compelling interest. For these reasons, I would grant this writ application.